UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN DONNELLY,

    Plaintiff,

v.

                                      CASE NO. 8:26-cv-00328-SDM-NHA

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

## **ORDER**

Alleging breach of contract, Sean Donnelly sues (Doc. 1-2) Allstate Insurance Company, which moves (Doc. 7) to dismiss on the ground that the claim is time-barred. The plaintiff responds (Doc. 10) in opposition.

On September 27, 2024, the plaintiff's home sustained flood damage. (Doc. 1-2 ¶¶ 4–10) The home was insured under a Standard Flood Insurance Policy issued by Allstate, a Write-Your-Own carrier participating in the National Flood Insurance Program (NFIP). (Doc. 7-1 ¶¶ 9–10; Doc. 7-2) On December 10, 2024, Allstate mailed and e-mailed to the plaintiff a partial denial of coverage. (Doc. 7-1 ¶¶ 13–15; Docs. 7-4, 7-5) The plaintiff "disputes the authenticity and reliability" of the denial letter. (Doc. 10 at 6) The plaintiff sued in state court on October 13, 2025, and Allstate removed on February 3, 2026. (Doc. 1; Doc. 1-1.)

Under the NFIP, (1) the statutory limitation for a claim under an NFIP policy is "one year after the date of mailing of notice of disallowance or partial disallowance"; (2) a claimant "must file the suit in the United States District Court of the district in which the insured property was located at the time of loss;" and (3) "filing in a court without competent jurisdiction d[oes] not toll the statute of limitations." 42 U.S.C. § 4072; C.F.R. pt 61, app. A(1), art. VII(O) (2022); *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1353 (11th Cir. 2000).

On the present record, the claim appears untimely. The denial letter is dated December 10, 2024, and the defendant removed the action more than one year later. Despite the plaintiff's contrary assertion, the denial letter satisfies the requirements identified in FEMA Bulletin W-17013a, and, in any event, the plaintiff cites no authority requiring strict compliance with a FEMA bulletin to trigger the statutory limitations period.[1] *See Caruso v. First Protective Ins. Co.*, No. 2:24-CV-615-SPC-KCD, 2025 WL 448953, at *3 (M.D. Fla. Feb. 10, 2025), *appeal dismissed*, No. 25-10526-CC, 2025 WL 2381697 (11th Cir. May 27, 2025) ("[E]ven if the . . . denial letter ran afoul of the bulletin or the claims manual, it does not mean it was deficient under § 4072.").

---

[1] The plaintiff does not specify which requirement of the bulletin the denial letter violates. The bulletin requires (1) the date of loss; (2) the date the policyholder submitted the claim; (3) the items denied, with the corresponding dollar amounts (if applicable); (3) a plain-language explanation for non-payment; and (4) citations to the relevant sections of the SFIP and a link to the SFIP webpage. The denial letter satisfies each requirement.

But because the plaintiff disputes the authenticity of the denial letter and because the applicable limitation depends on the date of mailing of the letter, dismissal is premature. Accordingly, the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

Except for limited discovery into the authenticity of the denial letter, discovery is **STAYED** until JUNE 26, 2026. No later than JULY 3, 2026, the parties must file a joint status report addressing the authenticity of the denial letter and proposing any further proceedings.

Both parties are **WARNED** that any material misstatement, including any misstatement regarding the authenticity of the denial letter, might result in a sanction. Fed. R. Civ. P. 11(b), (c).

**ORDERED** in Tampa, Florida, on April 27, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 3 -